# United States Court of Appeals

### For the Eighth Circuit

_____

No. 23-3668

_____

Gayla Dawn Weber

*Plaintiff - Appellant*

v.

United States of America

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri

_____

Submitted: May 23, 2024
Filed: May 30, 2024
[Unpublished]

_____

Before SMITH, BENTON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

In this action under the Federal Tort Claims Act (FTCA), former federal employee Gayla Dawn Weber sought recovery for a work-related injury. She appeals

after the district court[1] dismissed her action for lack of jurisdiction.  After careful review of the record and the parties' arguments on appeal, we conclude the district court properly determined it lacked jurisdiction to review Weber's claim.  *See Compart's Boar Store, Inc. v. United States*, 829 F.3d 600, 604 (8th Cir. 2016) (reviewing de novo grant of motion to dismiss under Fed. R. Civ. P. 12(b)(1)); *see also* 5 U.S.C. § 8116(c) (Federal Employees Compensation Act (FECA) is exclusive remedy for workplace injuries suffered by federal employees; liability of United States under FECA is exclusive, and instead of, all other liability providing entitlement to damages, including under a "Federal tort liability statute"); *Sw. Marine, Inc. v. Gizoni*, 502 U.S. 81, 90 (1991) ("FECA contains an 'unambiguous and comprehensive' provision barring any judicial review of the Secretary of Labor's determination of FECA coverage.  Consequently, the courts have no jurisdiction over FTCA claims where the Secretary determines that FECA applies.").

Accordingly, we affirm.  *See* 8th Cir. R. 47B.

_____

[1]The Honorable Willie J. Epps, Jr., United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).